UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE DISPLAY GROUP, LTD.,

    Plaintiff

v.                                                     Case No. 25-cv-12434
                                                     Honorable Linda V. Parker

TOTAL QUALITY LOGISTICS, LLC,

    Defendant,

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE

On August 6, 2025, The Display Group, Ltd., ("Plaintiff") filed a complaint against Total Quality Logistics, LLC, ("Defendant") alleging claims of negligence, breach of contract, breach of bailment duty, and fraudulent misrepresentation. (ECF No. 1.)  In lieu of an answer, Defendant filed the present Rule12(B)(6) motion to dismiss, arguing that the relevant contract between the Parties contained a mandatory forum-selection clause.  (ECF No. 8 at PageID.48.)  Plaintiff filed a response to the motion to dismiss on September 15, 2025, and Defendant filed a reply on September 29, 2025.  Finding the facts and legal arguments adequately presented in the Parties' filings, the Court is dispensing with oral argument

pursuant to Eastern District of Michigan Local Rule 7.1(f).  For the reasons stated below, Defendant's motion to dismiss is **GRANTED WITHOUT PREJUDICE.**

## I.   Background

Plaintiff is a company that designs and installs event displays throughout the United States.  (ECF No. 1 at PageID.1.)  Defendant is an authorized freight broker that facilitates the transportation of materials for its customers.  (ECF No. 8 at PageID.48.)  On September 13, 2022, the Parties entered into a general contract ("the Agreement") by which Defendant agreed to provide transportation services on Plaintiff's behalf.  (ECF No. 1 at PageID.3.)  The Agreement stated that its General Terms were effective for a period of one (1) year, automatically renewing for successive one (1) year periods unless terminated by either party.  (*Id.* at PageID.14.)  The Agreement did not establish specific dates to solidify when Defendant would provide transportation services for Plaintiff; rather, when Plaintiff "needed [Defendant's] services it would call [Defendant] and indicate what it needed."  (ECF No. 1 at PageID.3.)  The Parties did not sign new contracts each time Plaintiff used Defendant's services.  *Id.*

In July of 2024, Plaintiff contacted Defendant to receive assistance with transporting display materials from Arlington, Texas, to Seattle, Washington.  (*Id.* at PageID.3-4.)  Defendant allegedly retained a motor carrier, BnB, to transport the goods.  (*Id.* at PageID.4.)  BnB failed to timely deliver the materials to Seattle.  *Id.*

Plaintiff filed suit against Defendant in the U.S. District Court of the Eastern District of Michigan. (ECF No. 1.) In lieu of an answer, Defendant filed a 12(B)(6) motion to dismiss, arguing that the Agreement between the Parties contained a mandatory forum-selection clause. (ECF No. 8 at PageID.48.) The relevant provision of the Agreement — Paragraph 9 — states the following:

> 9. These General Terms will be governed by the laws of the State of Ohio, except to the extent that federal transportation laws and regulations preempt those laws. The state courts located in Clermont County, Ohio will have the exclusive and irrevocable jurisdiction over and will be the exclusive and mandatory venue of any claim, counterclaim, dispute, or lawsuit arising in connection with any transactions, loads, or other business between the Company and Customer, and Customer consents to and waives any objection to such jurisdiction (emphasis added)

Plaintiff argues that the forum-selection clause does not apply to this dispute. (ECF No. 9 at PageID.79.)

## II.    Standard of Law

The first question for the Court is whether Rule 12(b)(6) is the appropriate method for seeking enforcement of a forum-selection clause. In *Atlantic Marine Constr. Co., Inc. v. U.S. District Court for the W. Dist. Of Texas*, the Supreme Court of the United States held that the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens, instead of Rule 12(b)(3) or § 1406(a). 571 U.S 49, 60 (2013). The Court did not reach the question of whether such a motion could be brought under Rule 12(b)(6). *Atlantic Marine*, 571 U.S. at 61.

Since *Atlantic Marine* was decided, district courts in the Sixth Circuit have considered motions to enforce a forum-selection clause under both Rule 12(b)(6) and under the doctrine of forum non conveniens. *See Branch v. Mays*, 265 F. Supp. 3d 801, 807 (E.D. Tenn. 2017) (applying forum non conveniens analysis sua sponte even though defendant moved to dismiss under Rule 12(b)(6)); *Kelly v. Liberty Life Assurance Co. of Boston*, No. 17-139-DLB, 2018 WL 558643, at *3 (E.D. Ky. Jan. 25, 2018) (recognizing that Rule 12(b)(6) is a permitted, but not required, procedural mechanism to enforce a forum-selection clause). Defendant seeks to enforce the Agreement's forum-selection clause through a Rule 12(b)(6) motion to dismiss. Accordingly, the Court will evaluate the enforceability of the clause under the Rule 12(b)(6) framework.

On a motion pursuant to Rule 12(b)(6), the court only needs to determine whether the forum selection clause is enforceable and applicable; if it is, then the suit should be dismissed." *Transp. Sys., LLC v. Amazon*, No. 18-CV-11286, 2018 WL 5043726, at *2 (E.D. Mich. Oct. 17, 2018)  A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing Twombly, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.   Analysis

The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Atlantic Marine*, 571 U.S. at 63. (internal quotation marks and citation omitted). As a result, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." Such clauses are "prima facie valid" and "should be upheld absent a strong showing that [they] should be set aside." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).

A. *The Forum-Selection Clause Applies to this Dispute*

Plaintiff does not challenge the general validity of the Parties' forum-selection clause. Instead, its challenge is based on the premise that the forum-selection clause is unenforceable because "the [present] dispute falls outside of the

scope of the Agreement." (ECF No. 9 at PageID.79.) Plaintiff suggests that the clause is inapplicable here because, in its view, the Agreement only governs when Defendant acts as a broker, and Defendant allegedly acted as a motor-carrier in this instance. (ECF No. 9 at PageID.72-73).

The Court rejects this argument. Paragraph 5 of the Parties' Agreement states that Defendant is "a transportation broker only, arranging transportation of freight by independent third-party motor carriers," and that if Defendant is ever "listed on Bills of Lading, it is for convenience only and does not change [Defendant's] status as a broker only." (ECF No. 1 at PageID.14.) Even if the Court were to accept Plaintiff's name-versus-conduct theory, the Parties Agreement clearly states that the "General Terms and Conditions apply to *all* transportation services" provided by Defendant. (Emphasis added.)(ECF No. 1 at PageID.14.) Accordingly, regardless of Defendant's alleged status in this instance, the Agreement, and thus the forum-selection clause, governs this dispute.

B. The Forum Selection Clause is Enforceable

Courts should "enforce a forum-selection clause unless the opposing party can 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *M/S Bremen*, 407 U.S. at 10 (citation omitted). As a result, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atlantic*

*Marine*, 571 U.S at 60.  "The party opposing the forum-selection clause bears the burden of showing that the clause should not be enforced." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009).  Plaintiff cannot meet this burden.

The Sixth Circuit established a three-part test to determine the enforceability of a forum-selection clause: (1) whether the clause was obtained by fraud, duress of other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient that such requiring the plaintiff to bring suit there would be unjust.  *Wong*, 589 F.3d at 828. Considering all three factors, the forum-selection clause found in the Parties' Agreement should be enforced.

Plaintiff does not challenge any of the factors identified in *Wong*; instead, it relies solely on its broker versus motor-carrier theory, which the Court has rejected.  (ECF No. 9 at PageID.70-81.)  Forum-selection clauses are prima facie valid, and *Plaintiff* bears the burden of demonstrating why a clause should not be enforced.  That burden has not been met.  Even after conducting a further review of the complaint and briefing on the present motion, the Court still finds no facts that would implicate any of the three *Wong* factors or support a persuasive argument against enforcement of the forum-selection clause.  Therefore, the Court finds that the forum-selection clause is enforceable, and a dismissal of this action is warranted.

## IV.     Conclusion

Therefore,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **GRANTED WITHOUT PREJUDICE** to allow for refiling in the state court located in Clermont County, Ohio.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 8, 2026